UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------
KEVIN PARSONS,

                              Plaintiff,                **MEMORANDUM & ORDER**
                                                                          17-CV-1765 (MKB)

                              v.

THE CITY OF NEW YORK, DEPUTY WARDEN
GALLAGHER and CAPTAIN MAWIAH,

                              Defendants.
---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

       Plaintiff Kevin Parsons, proceeding *pro se* and currently incarcerated at the Ogdensburg Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 against Defendants the City of New York, Deputy Warden Gallagher and Captain Mawiah[1] related to an incident at an unidentified New York City detention facility. (Compl., Docket Entry No. 1.) The Court grants Plaintiff's application to proceed *in forma pauperis* ("IFP") for the purpose of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint but grants Plaintiff thirty (30) days to file an amended complaint.

**I. Background**

       For purposes of this Memorandum and Order, the Court assumes the truth of the allegations in the Complaint. On October 14, 2014 at approximately 12:30 PM, "housing unit 19-A of the detention facility was placed on lockdown because of a T.S.O. 'Total Search

---

    [1] Plaintiff does not provide the first names for any of the individuals he names in the Complaint. (*See* Compl.)

Outfit.'" (Compl. 6.)² Officers Mitchell and Harper informed Plaintiff that the lockdown was related to gang violence.³ (*Id.*) During the lockdown, Plaintiff's cell was contaminated with "MK-9 chemical agents" and has not yet been detoxified or decontaminated. (*Id.* at 6.) Because of the lockdown, Plaintiff and other inmates were not fed until 9:00 PM. (*Id.* at 7.) As a result of the lockdown, Plaintiff had no access to his pain medication, showers, recreation, visitors and use of the telephone for over 132 hours. (*Id.* at 6–8.) Plaintiff asserts that these actions constituted cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution. (*Id.* at 8–9.) He seeks unspecified money damages.⁴ (*Id.*)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers."

---

² Because the complaint and the attachment are not consecutively paginated, the Court refers to the page numbers assigned by the electronic document filing system (ECF).

³ Plaintiff states that he is not a gang member. (*Id.*)

⁴ Plaintiff filed a prior civil action in the Eastern District of New York related to an incident that occurred on August 11, 2014 in Unit 19-A, at the George R. Vierno Center at Rikers Island. That case remains pending before the Court. *See Parsons v. Gallagher*, No. 17-CV-365.

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and "dismiss the complaint or any portion of the complaint," if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas*, 480 F.3d at 639.

### b. Plaintiff fails to state a claim under section 1983

Plaintiff asserts that Defendants violated his federal constitutional rights under the Eighth Amendment, which is a cognizable claim under section 1983.

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted).

3

A municipality, like the City of New York, can be liable under section 1983 only if a Plaintiff can demonstrate "(1) an official [municipal] policy or custom that (2) cause[d] the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir. 2010) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). In general, proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless a plaintiff can establish that the incident occurred pursuant to one of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised "deliberate indifference" to the rights of the plaintiff and others encountering those subordinates. *See Iacovangelo v. Corr. Med. Care, Inc.*, 624 F. App'x 10, 13–14 (2d Cir. 2015) (formal policy officially endorsed by the municipality); *Matusick*, 757 F.3d at 62 (widespread and persistent practice); *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 164 (2d Cir. 2014) (failure to train amounting to deliberate indifference); *Jones v. Town of E. Haven*, 691 F.3d 72, 81 (2d Cir. 2012) (policymaking official's "express" or "tacit" ratification of low-level employee's actions). In addition, a plaintiff bringing a section 1983 claim against individuals must show that each of the named individuals is personally liable for the alleged harm. *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006). "Because vicarious liability is inapplicable to . . . [section] 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Plaintiff does not set forth any allegations showing that Deputy Warden Gallagher and Captain Mawiah are personally responsible for the alleged Eighth Amendment violations, nor does Plaintiff allege any unconstitutional policy or custom attributable to the City of New York. (*See* Compl.) Accordingly, Plaintiff's claims are dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(ii).

### c.  Leave to amend

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order, in order to identify the unconstitutional policy or custom that caused the alleged violation of his constitutional rights and to set forth allegations detailing how Deputy Warden Gallagher, Captain Mawiah or any other individuals are personally responsible for the alleged deprivation of his constitutional rights. Plaintiff must provide the date and location for all relevant events and a brief description of what each defendant did or failed to do in violation of Plaintiff's civil rights. Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and must bear the same docket number as this Memorandum and Order.

## III.  Conclusion

Accordingly, the Court dismisses the Complaint for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). The Court grants Plaintiff thirty (30) days from the date of this Memorandum and Order to file an amended complaint. If Plaintiff fails to file an amended complaint within the time allowed, the Court will enter judgment dismissing this action for the reasons set forth above.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

\_\_\_\_\_s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: May 23, 2017
      Brooklyn, New York